[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter now before this Court for decision involves whether the Defendant Town of Little Compton (Little Compton) must seek taxpayer approval at a financial town meeting prior to expending funds acquired from the federal government. The parties have submitted an agreed statement of facts to this Court for an adjudication on the merits.
Assisting law enforcement officials in the war on drugs, Congress promulgated legislation mandating forfeiture to the United States government of all property used or involved in illicit drug trafficking. 21 U.S.C. § 881. The United States Attorney General has the discretion to transfer such forfeited property to any state or local law enforcement agency that directly participated in operations resulting in the seizure or forfeiture. In compliance with applicable federal provisions, the Little Compton Police Department applied for an equitable share of federal property on several occasions since 1989. All approved federal forfeiture funds were endorsed by Little Compton Police Chief Egbert D. Hawes and deposited into a special police bank account(s) separate and apart from the town's general fund. In 1989, the Town Council established a procedure requiring Council approval and the joint signatures of Chief Hawes and the Town Treasurer prior to any expenditure of federal drug forfeiture money. Since 1989, in excess of $500,000 of federal drug forfeiture money has been spent in this manner.
In 1991, Chief Hawes requested of Carey Copeland, Director of the Executive Office for Asset Forfeiture, whether Little Compton could amend three previous applications to permit use of the federal funds for the construction of a police/fire complex. Copeland granted Hawes' request and authorized the use of $600,000 in forfeiture funds for the project. Thereafter, the Little Compton Town Council voted to construct the new complex in accordance with Copeland's approval. In May 1992, United States Attorney General Lincoln Almond authorized the use of an additional $125,290 in forfeiture funds for the project.
James A. Hayes brought this cause of action essentially seeking to enjoin Little Compton from proceeding with construction of the police/fire complex. Hayes contends that notwithstanding the provisions of applicable federal law, Little Compton must call a town meeting and obtain voter approval prior to expending any federal forfeiture funds. Hayes submits that the Little Compton voters have direct control over the federal forfeiture funds. Little Compton, however, asserts that the expenditure of federal forfeiture funds is controlled by federal law and that neither federal nor state law otherwise requires voter approval.
Pursuant to 21 U.S.C. § 881(e) (1) (A), the United States Attorney General has the authority to transfer federal forfeited property to any state or local law enforcement agency that directly participated in operations resulting in the seizure or forfeiture. The value of property transferred must bear a reasonable relationship to the degree of the local agency's direct participation in the investigation. 21 U.S.C. § 881(e) (3) (A). The Attorney General must also ensure that any federal forfeiture property transferred to state or local law enforcement agencies is used for approved law enforcement purposes. 21 U.S.C. § 881
(e) (3) (B).
Consistent with 21 U.S.C. § 881, the asset forfeiture and equitable sharing program is administered in accordance with guidelines promulgated by the Attorney General and the Department of Justice. Section VI of the Attorney General's December 1990 guidelines provides that state and local law enforcement agencies desiring an equitable share of forfeited property must submit a DAG-71 application to the appropriate federal agency within sixty (60) days of the seizure. Pursuant to Department of Justice policy, section VII provides that approval of the DAG-71 form results in a binding contract between the parties, and requires that all equitably shared property must be used for the law enforcement purposes stated in the application.
In an attempt to encourage participation between federal, state, and local law enforcement officials, Congress enacted specific legislation authorizing the Department of Justice, through the Attorney General, to equitably share forfeited drug-related property with state and local authorities. Participating agencies may petition the United States Attorney General for an equitable share of forfeited property, stating in their application the law enforcement purpose for which the property will be used. Both federal law and the Attorney General's guidelines specifically require that the property be used for law enforcement purposes.
Primarily at issue here is whether the Little Compton Police Chief and the Town Council possess unilateral authority to appropriate rather substantial amounts of federal drug forfeiture funds, or whether such appropriations must be the subject of a financial town meeting. Since it is clear that federal law prevails over conflicting provisions of state law, a review of the controlling federal provisions is a natural place for this Court to begin its analysis. It is undisputed that 21 U.S.C. § 881, and the Attorney General's guidelines promulgated thereunder, specifically govern the equitable sharing of drug forfeiture property with participating state and local law enforcement agencies. Although federal law mandates that the shared funds be used exclusively for approved law enforcement purposes, it does not otherwise empower the participating local law enforcement agency to unilaterally determine the specific purpose for which the funds shall be used. Whether local law enforcement agencies possess the power to make such determinations, therefore, is a matter of state law.
The Rhode Island General Assembly has enacted enabling legislation requiring Little Compton to hold an annual financial town meeting. The enabling legislation provides in pertinent part:
 Section 1. The electors of the town of Little Compton, qualified to vote on any proposition to impose a tax or for the expenditure of money in said town, shall . . . annually . . . assemble in town meeting . . . for the purpose of hearing official reports, ordering a tax or taxes, making appropriations, and transacting other business appertaining to the financial affairs of said town.
A careful reading of the enabling legislation clearly indicates that electors qualified to vote at financial town meetings possess the electoral power to determine the propriety of town expenditures and appropriations. Contrary to the arguments proffered by Little Compton, section 1 of the enabling legislation simply does not limit the power of the voting taxpayers to decide only those issues related to spending local tax revenue. The taxpaying voters at a financial town meeting clearly have the power to order taxes, make appropriations, and transact other business pertaining to the town's financial affairs. Although this Court recognizes the Town Council's general authority to manage the town's affairs pursuant to R.I.G.L. § 45-5-1, that provision does not otherwise provide the Police Chief and the Town Council with unilateral authority to appropriate substantial amounts of non-tax funds. Expenditures of such magnitude are inextricably linked to Little Compton's financial affairs and properly the subject of financial town meetings, notwithstanding their character as federal funds.
Little Compton has cited several cases to support its position that local taxpayers have power to determine only those financial matters requiring local tax dollars. None of these cases, however, support the proposition that the power of the voting taxpayers is so limited. Given that the enabling legislations specifically provides that the qualified voters possess voting discretion to make appropriations and transact other business related to the town's financial affairs, a careful review of the law cited by Little Compton fails to otherwise convince this Court that the Town Council and Chief of Police possess unilateral authority to appropriate federal forfeiture funds.
While this Court has concluded that the expenditure of federal drug forfeiture funds must be submitted to a financial town meeting, it does not necessarily follow that the voting taxpayers may now appropriate the money without limitation. Since these drug forfeiture funds were shared with Little Compton under21 U.S.C. § 881, federal law still controls the manner in which they are spent. The practical effect of this decision, therefore, is that the qualified voters at the financial town meeting may vote to either accept or reject the proposed expenditure of federal forfeiture funds for construction of a new police/fire complex. If the voters reject the current proposal, they nevertheless possess the authority to determine an appropriate use of the federal funds in a manner consistent with 21 U.S.C. § 881
and the Attorney General's guidelines. Any new or different use of the federal forfeiture funds, therefore, would then be subject to approval by the United States Attorney General.
Counsel shall prepare an appropriate judgment for entry.